UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE | ) | CASE NO. 1:15CV2481 |
| CORPORATION AS RECEIVER | ) | JUDGE CHRISTOPHER A. BOYKO |
| FOR AMTRUST BANK, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| ALLIANCE FINANCIAL | ) | |
| RESOURCES, LLC, | ) | |
|     Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #7) of Defendant, Alliance Financial Resources, LLC ("Alliance"), to Change Venue. For the following reasons, the Motion is denied.

**I. BACKGROUND**

On March 2, 2007, Alliance entered into a Master Correspondent Loan Purchase Agreement with AmTrust Bank. Pursuant to the Agreement, Alliance sold and/or submitted mortgage loans to AmTrust for purchase and/or funding. The residential loans at issue related to two 2008 Arizona mortgages. Alliance represented and warranted that the information in

the underwriting packages it submitted to AmTrust was "complete, true and correct." Alliance agreed to repurchase any defective loan or to indemnify AmTrust for all losses resulting from a breach of any representation or warranty. Paragraph 9.13 of the Agreement recited in part:

> The parties hereby consent and submit themselves to the jurisdiction and venue in any State or Federal court located in the City of Cleveland, Ohio for purposes of any legal or equitable proceeding arising from, out of or in connection with this Agreement or any transaction contemplated hereby...

Further, pursuant to Paragraph 9.16, this Agreement is construed and enforced in accordance with the laws of the State of Ohio.

In December 2009, the U.S. Department of the Treasury, Office of Thrift Supervision closed AmTrust and appointed the Federal Deposit Insurance Corporation ("FDIC") as Receiver.

On December 2, 2015, FDIC, as Receiver, filed the within lawsuit alleging breach of the Agreement. The Complaint alleges that Alliance must indemnify the FDIC for any losses suffered when the Arizona mortgagors defaulted on their respective loans.

Alliance moves for an order transferring venue to the District of Arizona, Phoenix Division, pursuant to 28 U.S.C. § 1404(a). Alliance offers the affidavit of its President, Jamie Korus, and argues that almost all of the events occurred in Arizona, where Alliance's principal place of business is located. Both the borrowers and the property securing the mortgages are located in Arizona. Alliance employees and witnesses are located in Arizona. AmTrust Bank, the only entity with connections to Ohio, is not a party and no longer exists. FDIC is a federal agency which will not be inconvenienced by a transfer of venue. Alliance also asserts that the forum selection clause in the Agreement is permissive and not mandatory.

## II. LAW AND ANALYSIS

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The court is typically required to consider the private interests of the parties, their convenience and the convenience of potential witnesses, as well as public-interest concerns, such as systemic integrity and fairness. Then, the court must decide whether, on balance, a transfer would promote the interests of justice. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-30 (1988).

However, when a valid and enforceable forum selection clause evidences the parties' intent to bring an action in a particular federal district, the forum selection clause must be given "controlling weight in all but the most exceptional circumstances." *Atlantic Marine Construction Co. Inc. v. United States District Court for the Western District of Texas, et al.*, 134 S.Ct. 568, 581 (2013). In addition,

> when parties agree to a forum selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum ... As a consequence, a district court may consider arguments about public-interest factors only. *Atlantic Marine*, 134 S.Ct. at 568.

Alliance does not assert that the forum selection clause in the Agreement is invalid or unenforceable. Rather, Alliance argues that the language of the forum selection clause at issue ("consent and submit") is permissive, whereas the provision in *Atlantic Marine* ("shall be litigated") is mandatory. Even if the Court accepts Alliance's categorizations, the Court

does not read *Atlantic Marine* so narrowly.  The Supreme Court focused on valid and enforceable forum selection clauses that protect the parties' "settled expectations" whether mandatory *or* permissive.  *Id*. at 583.  "[T]he interest of justice is served by holding parties to their bargain."  *Id*.

The Court need not discuss private-interest factors because they are presumed to favor the preselected forum.  *Id*. at 582.  Pursuant to the choice of law provision in the Agreement, the public-interest factor of "having the trial in a forum that is at home with the state law that must govern the case" is satisfied.  In addition, Ohio public interest favors enforcing Ohio contracts as they are written.  This Court is certainly capable of applying Arizona foreclosure law if that becomes necessary to the breach of contract analysis; so, Alliance's argument in this regard is not persuasive.  Lastly, the Court finds that judicial economy and docket congestion do not weigh significantly in favor of either jurisdiction.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #7) of Defendant, Alliance Financial Resources, LLC ("Alliance"), to Change Venue is denied.

**IT IS SO ORDERED.**

                                            **s/ Christopher A. Boyko**
                                            **CHRISTOPHER A. BOYKO**
                                            **United States District Judge**

Dated:  February 13, 2017